IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE, | CV 17-00092-H-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MONTANA STATE, MICHAEL FLETCHER, and LINDA JESS, | |
| Defendants. | |

Plaintiff Jordan Keefe filed a Complaint pursuant to 42 U.S.C. § 1983 alleging he was denied adequate medical care while incarcerated at Montana State Prison.  (Doc. 2.)  In its prior Order, the Court advised Mr. Keefe that he failed to state a federal claim against any of the named Defendants.  Specifically, he was advised that his allegations that Defendants Fletcher and Jess were responsible for inmate health and safety were insufficient to state a federal claim because supervising officers cannot be held liable under a respondeat superior theory under section 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).  He was advised that a defendant cannot be held liable just because they supervise other employees and can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  *King v.*

1

*Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Mr. Keefe was advised of these standards and given an opportunity to file an amended complaint.  In his Amended Complaint, Mr. Keefe alleges that Linda Jess is responsible for medical needs of inmates and has failed to provide a diagnosis.  He also alleges that Michael Fletcher oversees the safety and security of all inmates and by allowing medical to get away without diagnosing the problem places him at risk of Hep, HIV, and MRSA.  (Amd. Complaint, Doc. 10 at 4.)

These allegations are not entitled to the assumption of truth as they are "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679-681 (2009).  His complaint stops short of the line between probability and the possibility of relief. *Id.*

Accordingly, for the reasons set forth in the Court's Order dated February 27, 2018 (Doc. 9), the Court finds that Mr. Keefe has failed to state a federal claim upon which relief may be granted and therefore issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Keefe failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Keefe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Keefe is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of May, 2018.


  */s/ John Johnston*
John Johnston
United States Magistrate Judge

4